IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES f/u/b/o ATLANTIC REFINISHING & RESTORATION, INC., et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:06 CV 1611 Judge Huvelle |
| v. | ) ) | |
| SIGAL CONSTRUCTION CORP. et al., | ) ) ) | |
| Defendants. | ) | |

**JOINT STIPULATION TO STAY CASE PENDING ARBITRATION**

**NOW COME** the parties, Plaintiff/Use-Plaintiff Atlantic Refinishing & Restoration, Inc. ("Atlantic"), Defendant Sigal Construction Corporation ("Sigal"), and Defendant Liberty Mutual Insurance Company ("Liberty"), to jointly stipulate as follows:

1. This suit arose over a subcontract entered into by Atlantic and Sigal whereby Atlantic performed certain work within the scope of a general contract between Sigal and the federal government to renovate a building known as the Old State Department in Washington, D.C. ("the Project"). Liberty was Sigal's payment bond surety on that project.

2. The subcontract between Atlantic and Sigal contains a clause whereby the parties agreed to resolve disputes by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

3. On September 18, 2006, Atlantic filed suit under the Miller Act, 40 U.S.C. § 3131 *et seq.* against Sigal and Liberty to recover compensation that Atlantic claims to

be due under the subcontract for labor and materials furnished to the Project. Atlantic has asserted claims against Sigal based on its subcontract agreement with Sigal and against Liberty based on the terms of the payment bond.

4. Sigal and Liberty have moved to dismiss the case or, alternatively, to stay the case pending arbitration in accordance with the subcontract agreement and in accordance with the Federal Arbitration Act, 9 U.S.C. § 3, among other reasons.

5. In order to resolve that pending motion, the parties have agreed to stay proceeding in this case in order to allow Atlantic and Sigal to exhaust the remedies prescribed by the subcontract, including arbitration in accordance with the terms of the subcontract..

NOW THEREFORE, the parties stipulate, and hereby jointly request, that proceedings in this case be STAYED immediately while the Sigal and Atlantic exhaust the remedies prescribed by the subcontract, including arbitration in accordance with the terms of the subcontract. A proposed order accompanies this stipulation.

Respectfully submitted,

s/ Michael A. Lewis
Herman M. Braude
D.C. Bar No. 051326
Michael A. Lewis
D.C. Bar No. 479906
Susan Van Bell
D.C. Bar No. 439972
BRAUDE & MARGULIES, P.C.
1200 Potomac Street, N.W.
Washington, D.C. 20007
(202) 471-5400
(202) 471-5404 (fax)

Attorneys for Plaintiff/Use-Plaintiff

/s/ Jeffrey G. Gilmore
Jeffrey G. Gilmore
D.C. Bar No. 388362
AKERMAN SENTERFITT
WICKWIRE GAVIN
8100 Boone Blvd., Ste. 700
Vienna, VA 22182
(703) 790-8750
(703) 448-1801 (fax)

Attorney for Defendants